

Entered on Docket
October 12, 2005

_____
Hon. Bruce A. Markell
United States Bankruptcy Judge

_____

RICK A YARNALL
CHAPTER 13 BANKRUPTCY TRUSTEE
302 E Carson Ave., Suite 350
Las Vegas, NV 89101
(702) 853-4500
RAY13mail@LasVegas13.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br>MICHAEL E FINKE<br>TAMMY K FINKE<br>3443 DEATH VALLEY DR<br>LAS VEGAS, NV  89122 | CHAPTER 13<br>CASE NO: BKS-05-17154-BAM<br><br>Hearing Date: October 06, 2005<br>Hearing Time: 1:30 am |

**ORDER CONFIRMING THE DEBTOR(S) PLAN # 1 , AWARDING
FEES TO THE DEBTOR(S) ATTORNEY AND RELATED ORDERS**

Following the meeting of creditors held pursuant to 11 U.S.C. 341 at which the debtors appeared in person to be examined by creditors and other interested parties, a hearing was held pursuant to 11 U.S.C. 1324 at which Rick A Yarnall, Chapter 13 Trustee, or their appointed representative appeared in person and the debtor appeared by his attorney ROGER P CROTEAU & ASSOC
Other appearances:_____

The debtor is hereinafter referred to in the masculine, even though this be a joint case or the debtor be female. All references to the "Rules" shall be interpreted as referring to the Bankruptcy Rules unless the context indicates otherwise.

At such hearing the following objections to confirmation of the debtor (s) plan were considered:

_____

At the hearing, the Court considered the matters presented by the Trustee, counsel for debtor(s) and by other interested parties, and upon the pleadings and statements of parties and of counsel, and the evidence presented, the Court finds that:
    A.  Written notice of the meeting of creditors held pursuant to 11 U.S.C. 341 and of this hearing on the confirmation of the Plan, was given as required by Rule 2002;
    B.  The Plan presented for confirmation (hereinafter refered to as "the Plan") complies with the provisions of Chapter 13 of Title 11 of the United States Code and other applicable provisions of said Title:
    C.  Any fee, charges of other amounts required under Chapter 13 of Title 28, or by Plan, to be paid before confirmation has been paid:
    D.  The Plan has been proposed in good faith and not by any means forbidden by law:

*Object to secured claim of Cashland, J.P. Morgan (interest rate), Hyundai Motors.*

E. The value, of the effective date of the Plan, of the property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor or were liquidated under Chapter 7 of Title 11 of the United States Code on such date: and
    a. the liquidation value is and based on the non exempt equity $ 0
    b. liquidation value is subject to the valuation of the following assets:
        N/A

F. With respect to each allowed secured claim provided by the Plan, the holder of such claim either accepted, or was deemed to have accepted the plan;
    a. (i) the Plan provides that the holder of such claims retain the lien securing such claims; and
        (ii) the value, as the effective date of the Plan, of property to be distributed under the Plan on account of such claim is not less than the allowed amount of such claim; or
    b. the plan proposes to surrender the property securing such claim to the creditor,

G. If the Trustee or the holder of an allowed unsecured claim objected to the confirmation of the Plan, then the Court finds that;
    a. the value of the property to be distributed under the Plan on account such unsecured claim is not less than the amount of such claim or
    (b.) the plan provides that all of the debtor(s) projected disposable income, [as 'disposable income' is defined in 11 U.S.C. 1325 (b)(2)] to be received by the debtor(s) in the three year period beginning on the date that the first payment is due under the Plan.
    (c.) debtor is required to provide to the Trustee copies of tax returns for the next three years [✓]yes [ ]no

IT IS ORDERED THAT:

1. The debtor(s) plan is confirmed and (if appropriate) for cause shown, payments for a period not to exceed 5 years is approved.
2. The debtor(s), or his employer, shall make the payments to the Trustee required by the Plan that was confirmed or as hereafter modified. If the debtor(s) does not cause such payments to be timely made, the Trustee shall make demand [pursuant to Section 542(b)] or request the Court to order [pursuant to Section 1326(c)] any entity from whom the debtor(s) receives income to pay all or any part of such income to the Trustee.
3. The debtor(s) shall, when practicable, obtain the approval of the Trustee prior to incurring additional consumer debt. The failure to obtain such approval, if practicable, may cause the claim for such debt to be unallowable to the creditor, [U.S.C. 1305 (c) and the debt to be nondischargeable. [11 U.S.C.1328(d)].
4. The Trustee shall;
(a) Keep a detailed record of all receipts, including the source or other identification of each receipt, and all disbursements [11 U.S.C. 1302 (b)(1)]; and
(b) File with the Court, or if applicable with the entity providing addressing service for the Court and the Trustee, notices for creditor's address changes brought to the attention of the Trustee [Rule 2002(g)]; and
(c) Deposit all funds received by the Trustee under the plan with an entity which provides insurance, guaranties of deposit in the manner prescribed by 11 U.S.C. 345.
5. Pursuant to 11 U.S.C. 1326 the order of payment, unless otherwise directed, shall be:
(a) Any unpaid claim of the kind specified in Section 507(a)(1) of Title 11 U.S.C.;
(b) The percentage fee fixed for the Trustee pursuant to Section 1302(a) of said title (or Section 586(a)(1) of Title 28, if applicable);
(c) Creditors whose claims are timely filed and allowed or as may be required to provide adequate protection of the interest of any entity with an interest in the property of the estate.
6. The Trustee, the debtor(s) and attorney for debtor(s) shall examine proofs of claim, or summaries thereof, and shall object to the allowances of improper claims as provided by 11 U.S.C. 704(4).
7. The Trustee shall, no less than once a year, deliver to the debtor(s) attorney a report indicating all receipts from the debtor and disbursements made by the Trustee's office within the prior year, or prior six months, if such reports are made semiannually. Additionally, the reports must indicate the existing undistributed funds on hand as described in the 9/91 Edition of the U.S. Department of Justice's Executive Office of the United States Trustees Handbook for Chapter 13 Standing Trustees.
8. Ninety days after final distribution, the Trustee shall stop payment on all checks then unpaid and file with the Clerk of the Court a list of names and addresses, so far known, of the persons entitled to such payments and the amounts thereof. The unclaimed funds shall be paid into the Court and disposed of under Chapter 129 of Title 28. [11U.S.C. 347 Rule 3001].

**ALLOWANCE OF ATTORNEY'S FEES**

The application by the attorney for the debtor(s) for the allowance of reasonable compensation as authorized by 11 U.S.C. 330, having been considered, the Court finds that reasonable fees for the service performed and undertaken by such attorney is $ $2,894.00 of which $500.00 was paid to such attorney prior to the filing of the petition initiating this proceeding. The balance of such fees $2,394.00 shall be paid by the Trustee from the monies received under the debtor(s) plan.

Attorney fees approved       YES    NO         Application for fees required      YES    NO

Submitted by:

/s/Rick A Yarnall
Rick A Yarnall
CHAPTER 13 BANKRUPTCY TRUSTEE
302 E Carson Ave., Suite 350
Las Vegas, NV 89101
(702) 853-4500


Approved/Disapproved:

_____
ROGER P CROTEAU & ASSOC
720 South Fourth Street, Suite 202
Las Vegas, NV 89101
(702) 254-7775

E-Filed 7-27-05

Attorney for Debtor(s):
Name: ROGER P. CROTEAU
Bar No.: 4958
ROGER P. CROTEAU & ASSOCIATES, LTD.
720 S. FOURTH ST., SUITE 202
LAS VEGAS, NEVADA 89101
Phone: (702) 254-7775

Space reserved for Bankruptcy Clerk

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**
(SOUTHERN DIVISION OF NEVADA)

In re:

 Michael Finke
 Tammy Finke

   Debtor(s).

)
) CASE NO. BK-S- 05-17154-BAM
) CHAPTER 13
) **CHAPTER 13 PLAN - # 1**
) **PLAN MODIFICATION:** (X) NA ( ) Before
) ( ) After Original Confirmation
) Confirmation Hearing:
) DATE: 10-6-05
) TIME: 1:30 P.M.
)

1. **NOTICE TO CREDITORS:** *This Plan may ultimately provide a distribution to general unsecured creditors. Creditors should* **TIMELY** *file proofs of claim to participate in such distribution.*

2. **INCORPORATION OF CHAPTER 13 PLAN GUIDELINES:** This plan incorporates the Chapter 13 Plan Guidelines for Las Vegas, Nevada (hereinafter referred to as "Guidelines"). Any creditor may request a copy of the Guidelines from the Chapter 13 Trustee or the attorney for Debtor(s).

3. **PLAN PAYMENT SCHEDULE:**               **Amount**
  A. (i) $ 608.00 per month for 36 months     $ 21,872.00
     (Debtor(s) shall not pay less than 36
     monthly payments unless Plan proposes
     to pay 100% to all filed and allowed claims)
     Payments to commence _____
     (Date must match Special Directive to Debtor(s)
     and Their Attorney)
   (ii) Payments shall increase as follows:
     (State reason, i.e., paid in full direct
     during course of Plan or wage increase, etc.)
     $_____ commencing _____   $_____
     Reason:_____
     $_____ commencing _____   $_____
     Reason:_____
  B. Non-monthly payments:
   All lump sum payments must be paid into the Plan
   at least 6 months prior to proposed Plan expiration
   (Court approval may be required).
   Source
   _____tax refunds - annual_____         $ TBD

1

```
                                                                      $_____
    C.    Total minimum plan payments*                                $_____
          *If amount is pursuant to a settlement, see Exhibit attached.
          (must equal line 4.I.)
```

4. **CLASSIFICATION OF CLAIMS PAID BY TRUSTEE:**
   A. **ADMINISTRATIVE CLAIMS:**
      (1) Debtor's Attorney Compensation
          (Must comply with Guidelines):
         a. **Basic Services:**

   ```
               Attorney fees and costs    $2,700.00
               Filing fee                 $  194.00
               TOTAL FOR ATTORNEY         $2,894.00
               Less: Amount pre-paid
                     By Debtor            ($ 500.00)
               Amount to be paid
                     By Trustee                            $ 2,394.00
   ```
         b. **Estimated additional fees**
            **& costs:**

   ```
               Attorney fees & costs      $_____
               Less: Amount pre-paid
                     By Debtor            ($_____)
               Amount to be paid
                     By Trustee per
                     Court order                          $_____
   ```

      (2) Other professionals (see Guidelines):
         a.   Claimant:_____

   ```
               Type of service:_____
               Amount of claim:           $_____
               Less: Amount pre-paid
                     By Debtor            ($_____)
               Amount to be paid
                     By Trustee                          $_____
   ```

      (3) Other administrative claims:      $_____
   The aforementioned administrative claims shall be paid simultaneously with adequate protection payments, if any, on allowed secured claims as set forth at 4(B)(3) as follows:
         a.   Minimum monthly payment to
            attorney:               $_____/mo.
         b.   Minimum monthly payment to
            other professional:    $_____/mo.

      (4) Trustee Compensation: See 4(H).

   B. **SECURED CLAIMS:**
   (1) Taxes (Federal, State, City and County)
        a) Creditor: _____
           Period/Type: _____ Claim amount $_____
           Interest rate ___0___ %   Approx. Interest $  0

                                   TOTAL CLAIM    $_____

2

(2) Arrearages
    a) Creditor: __Wells Fargo__
       Collateral: __Residence__  Pre-petition claim $__5580__
       Interest rate: __10__ %  Approx. Interest  $__558__
       Direct payment $ 1086   To commence: __August 1, 2005__
                              TOTAL CLAIM   $__6,138.00__

(3) Obligations Paid in Full by Trustee *(refer to Section 4(B)(3) of the Guidelines)*

  a) Real Property
    i) Creditor: _____
       Collateral: _____ Full claim amount $_____
       Interest rate: _____ %  Approx. Interest  $_____
       Adequate protection payment $_____/mo.
                      TOTAL CLAIM   $_____

  b) Personal Property (vehicles, household goods, jewelry, etc.)
    i) Creditor: __Hyundai Motor Finance__
       Collateral: __2003 Hyundai Elantra__ Full claim amount $7,720.00
       Interest rate: __10__ %  Approx. Interest  $_772.00_
       Limited to fair market value of collateral: YES
       Adequate protection payment $_____/mo.
                      TOTAL CLAIM   $_7,792.00
    ii) Creditor: __Bank One__
        Collateral: __2001 Hyundai Accent__ Full claim amount $3120.00
        Interest rate: __10__ %  Approx. Interest  $_312.00_
        Limited to fair market value of collateral: YES
        Adequate protection payment $_____/mo.
                       TOTAL CLAIM   $_3,432.00

(4) Direct Payments to be made by Debtor that are **not** in arrears (including ongoing City and County taxes)
    a) Creditor: _____
       Collateral: _____
       Regular monthly payment $_____/mo.
       Commence date _____ Final payment date _____

(5) Collateral to be Surrendered
    a) Creditor: _____
       Collateral: _____
       Location of Collateral: _____

C. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**
    a) Creditor: _____
       Collateral: _____
       Reject: yes/no   Returned to creditor: yes/no
       Assume: yes/no   Regular monthly payment $_____/mo.
                  No. of months remaining _____

D. **UNSECURED PRIORITY CLAIMS:**
  (1) Taxes (Federal, State, City and County)
    a) Creditor: _____
       Period/Type: _____ Claim amount $_____
                      TOTAL CLAIM   $_____

3

(2) Child Support/Alimony
    a) Creditor:_____
       Interest rate: _____ %   Pre-petition claim $_____
       Direct payment $_____/mo.  Approx. Interest  $_____
                                    To commence:_____
                                    TOTAL CLAIM               $_____

(3) Other Priority
    a) Creditor:_____
       Type of Priority:_____  Pre-petition claim $_____
       Interest rate: _____ %  Approx. Interest  $_____
       Direct payment $_____/mo.  To commence:_____
                                  TOTAL CLAIM               $_____

**E. UNSECURED NONPRIORITY CLAIMS:**

(1) Special Class
    a) Creditor:_____
       Reason for special class:_____
                                  Pre-petition claim $_____
                                  Percentage to be paid _____ %
                                  TOTAL CLAIM               $_____

(2) General Unsecured
    a) Approximate total amount of all claims  $<u>15,568.00</u>
       Approximate percentage to be paid     <u>  0  </u> %
             APPROXIMATE AMOUNT TO BE PAID    $<u>   0   </u>
       Is Approximate Amount to be Paid modifiable?  Yes
       If no, explain:_____

(3) Late-Filed
    a) Approximate total amount of all claims  $_____
       Approximate percentage to be paid     <u>  0  </u> %
             APPROXIMATE AMOUNT TO BE PAID    $<u>   0   </u>
       Is Approximate Amount to be Paid modifiable?  Yes/no
       If no, explain:_____

**F. POST-PETITION CLAIMS (11 U.S.C. §1305):**

(a) Taxes (Federal, State, City and County)
    a) Creditor:_____
       Period/Type:_____
                                  Claim amount $_____
                       Approx. Interest & penalties $_____
                                  TOTAL CLAIM               $_____

(b) Other
    a) Creditor:_____
       Type:_____
                                Claim amount $_____
                     Approx. Interest & penalties $_____
                                TOTAL CLAIM               $_____

**G. TOTAL CLAIMS PAID BY TRUSTEE: (Add A-F)**     $<u>19,684.00</u>
**H. TRUSTEE COMPENSATION:**
    (1) Not to exceed 10% (divide G. by 9)     $<u>2,188.00</u>
**I. TOTAL PLAN PAYMENTS TO TRUSTEE (Add G-H, must equal 3C)**   <u>$ 21,872.00</u>

5. **ORDER OF DISTRIBUTION BY TRUSTEE:** The Trustee shall distribute to allowed claims in the following order:

4

    **A.**    Section 4(A) - Administrative Claims (unless 4B(3) adequate protection payments shown)
    **B.**    Section 4(B) - Secured Claims
    **C.**    Section 4(F) - Post Petition Claims
    **D.**    Section 4(D) - Unsecured Priority Claims
    **E.**    Section 4(E) - Unsecured Nonpriority Claims

**6. LIENS TO BE AVOIDED BY MOTION:**
    a) Creditor: _____
       Collateral: _____
       Type of Lien: _____
       Value of Lien: _____

**7. LIQUIDATION VALUE:**

Liquidation value (from worksheet in Guidelines)    $ _____

Liquidation value to be paid to priority claims    $ _____

Liquidation value to be paid to non-priority claims    $ _____

Liquidation value is based on: _____

**8. SCHEDULES/STATEMENT OF FINANCIAL AFFAIRS:**
Copies of the Debtor(s) Schedules and Statement of Financial Affairs may be obtained from the United States Bankruptcy Court Clerk's Office, 300 Las Vegas Blvd. South, Second Floor, Las Vegas, Nevada 89101. Documents may also be viewed via the Bankruptcy Court's website (www.nvb.uscourts.gov).

**9. SIGNATURE BY DEBTOR(S):**
The undersigned Debtor(s), declare under penalties of perjury, that I have read the foregoing Chapter 13 Plan, including any attached sheets, and I know and understand the contents thereof and my obligations thereunder.

_____
Debtor

_____
Joint Debtor (if any)

**10. ATTORNEY SIGNATURE:** _____
                         ATTORNEY FOR DEBTOR(S)        DATE